[Cite as *State v. Holmes*, 2017-Ohio-4078.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2016 CA 00137 |
| KENNETH HOLMES | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Canton Municipal
                            Court, Case No.  2016 CRB 02231


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     May 30, 2017


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JOSEPH MARTUCCIO                    MATTHEW A. PETIT
CANTON LAW DIRECTOR                 116 Cleveland Avenue, NW
TYRONE D. HAURITZ                   Suite 808
CANTON CITY PROSECUTOR              Canton, Ohio  44702
TASHA FORCHIONE
ASSISTANT CITY PROSECUTOR
218 Cleveland Avenue, SW
Canton, Ohio  44702

*Wise, J.*

{¶1}   Appellant Kenneth Holmes appeals his conviction on one count of Petty Theft following a plea of no contest in the Stark County Common Pleas Court.

{¶2}   Appellee is the State of Ohio.

## STATEMENT OF THE FACTS

{¶3}   On March 24, 2016, Appellant Kenneth Holmes was arrested on one count of Complicity to Commit Robbery, a felony of the third degree.

{¶4}   On March 28, 2016, an initial appearance was held wherein the trial court set bond at $75,000.

{¶5}   On April 4, 2016, a preliminary hearing was held and the trial court bound the case over to the Stark County Grand Jury.

{¶6}   On May 11, 2016, the Grand Jury indicted Appellant with one count of Petty Theft, a misdemeanor of the first degree, and the case was remanded back to the Canton Municipal Court.

{¶7}   On May 13, 2016, an arraignment was held and the trial court set bond at $1,000.  Appellant was released on his own recognizance.

{¶8}   On June 15, 2016, the trial court held a pretrial in the matter and scheduled a jury trial for June 27, 2016.

{¶9}   On June 16, 2016, Appellant's counsel filed a Motion to Dismiss, alleging a violation of Appellant's right to a speedy trial.

{¶10}  On June 20, 2016, the trial court denied the motion.

{¶11}  On June 27, 2016, Appellant pleaded no contest to one count of Petty Theft.

{¶12}  It is from this conviction and sentence Appellant now appeals.

{¶13} Initially, we note that Appellant's brief has failed to comply with App.R. 16(A)(3) as his Brief does not include "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." App.R. 12(A)(2) states, "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶14} However, in the interest of justice, we hereby adopt the following sole Assignment of Error from the issues raised in the brief. (*see Helfrich v. City of Pataskala Planning & Zoning,* 5th Licking App. No. 00CA82, 2001 WL 194777).

<u>ASSIGNMENT OF ERROR</u>

{¶15} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS BASED ON A VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL."

**I.**

{¶16} In his sole Assignment of Error, Appellant claims the trial court erred in denying his motion to dismiss based on a speedy trial violation. We disagree.

{¶17} The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. The Ohio Legislature incorporated this guarantee within R.C. §2945.71, which provides specific time limits within which a defendant must be brought to trial.

{¶18} Ohio Revised Code §2945.71 provides in pertinent part:

(A) Subject to division (D) of this section, a person against whom a

charge is pending in a court not of record, or against whom a charge of

minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons.

(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:

(1) Within forty-five days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days;

\*\*\*

(C) A person against whom a charge of felony is pending:

\*\*\*

(2) Shall be brought to trial within two hundred seventy days after the person's arrest.

\*\*\*

(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section.

{¶19} As set forth above, according to R.C. §2945.71(B)(2), a defendant charged with a first or second degree misdemeanor must be brought to trial within 90 days after

the arrest or service of summons. R.C. §2945.71(C)(2) requires a defendant charged with a felony to be brought to trial within 270 days after arrest.

**{¶20}** In the *case sub judice*, Appellant was initially charged with a third-degree felony, which was later indicted by the Grand Jury as a first-degree misdemeanor.

**{¶21}** Ohio law is clear that "when an original charge is later reduced to a lesser offense based upon the same conduct, the speedy trial limitations of R.C. 2945.71 begin to run anew on the date the defendant is served with the charge on the lesser offense." *State v. Smith,* 4th Dist. Athens No. 99CA31, 2000 WL 41723, *2 (Jan. 12, 2000).

**{¶22}** Given this well-settled law in Ohio, and applying the same rationale to the case at bar, we find that Appellant's speedy-trial timeframe for purposes of the misdemeanor charge began to run anew once the grand jury indicted Appellant with the misdemeanor petty theft charge instead of the felony charge.

**{¶23}** The relevant date of arrest is March 24, 2016. Pursuant to R.C. §2945.71(C)(2), Appellee had 270 days to try Appellant. Appellant was released on his own recognizance at the arraignment for the first-degree misdemeanor Petty Theft charge on May 13, 2016. From March 24, 2016 – May 13, 2016, Appellant served 51 days in jail. Each of those days is subject to the triple count provision of R.C. §2945.71(E), equaling 153 chargeable against the State. On June 27, 2016, Appellant entered his plea of no contest. From May 14, 2016 – June 27, 2016, 45 days transpired. Adding the 45 days to the 153 days equals 198 days from the date of Appellant's initial arrest on the felony charge.

**{¶24}** Based on our independent review, we find the trial court did not err in denying Appellant's motion to dismiss for violation of his right to speedy trial.

**{¶25}** Accordingly, Appellant's sole Assignment of Error is overruled.

**{¶26}** For the reasons stated in the foregoing opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.


By: Wise, J.

Delaney, P. J., concurs.

Hoffman, J., concur separately.


JWW/d 0509